*Orlee Goldfeld [OG4142]*
*BUTZEL LONG, a professional corporation*
*380 Madison Avenue, 22nd Floor*
*New York, New York 10017*
*T: (212) 818-1110*
*F: (212) 818-0494*
*goldfeld@butzel.com*
*Attorneys for Defendant Revelation Networks, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABOVENET COMMUNICATIONS INC.
F/K/A METROMEDIA FIBER NETWORK
SERVICES, INC.,

                              Plaintiff,

    - against -

REVELATION NETWORKS
INCORPORATED D/B/A REVELATION
NETWORKS,

                              Defendant.

Docket No.: **08 CIV. 7424**

<u>NOTICE OF REMOVAL</u>

JUDGE KARAS

**SIRS:**

        **PLEASE TAKE NOTICE** that defendant, Revelation Networks, Inc.

("Revelation"), by and through its attorneys Butzel Long, a professional corporation,

hereby removes this action to the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. §§ 1332 and 1441.

        1.      This action was commenced against defendant Revelation in the Supreme

Court of the State of New York, Westchester County, by the filing of a Summons and

Verified Complaint with the Clerk of Court on or about July 14, 2008.

        2.      The plaintiff has raised claims against Revelation for allegedly unpaid

work, labor and services performed, for an alleged account stated, for an alleged breach

of contract, for alleged unjust enrichment, for promissory estoppel, and for quantum meruit in the amount of $874,024.85.

   3.  Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in White Plains, New York.

   4.  Defendant Revelation is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Oviedo, Florida.

   5.  Thus, this court has original jurisdiction over this case because there is complete diversity between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, in accordance with 28 U.S.C. § 1332(a)(1).

   6.  Upon information and belief, plaintiff served a copy of the Summons and Verified Complaint upon Revelation by leaving a copy at the home of a Revelation officer in Oviedo, Florida on July 29, 2008.

   7.  In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days of the service of the Summons and Verified Complaint upon Revelation.

   8.  Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

   9.  Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Verified Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, Westchester County, are attached hereto and made a part of this Notice by reference.

10.    Defendant Revelation will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

11.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, and without waiver of any substantial or procedural defenses, defendant, REVELATION NETWORKS, INC., requests that this Court assume jurisdiction over this action and make such further orders as herein may be required to properly determine its controversy.

Dated: New York, New York
       August 21, 2008

Yours, etc.

**BUTZEL LONG, a professional corporation**

By: _____
     Orlee Goldfeld [OG4142]
     *Attorneys for Defendant Revelation Networks, Inc.*
     380 Madison Avenue, 22nd Floor
     New York, New York 10017
     T: (212) 818-1110
     F: (212) 818-0494
     goldfeld@butzel.com

TO:    Michael C. Sferlazza, Esq.
       PLATZER, SWERGOLD, KARLIN, LEVINE,
         GOLDBERG & JASLOW, LLP
       1065 Avenue of the Americas
       New York, New York 10018
       Tel: (212) 593-3000
       Fax: (212) 593-0353
       *Attorneys for Plaintiff Abovenet Communications Inc.*
        *f/k/a Metromedia Fiber Network Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August 2008 I caused a copy of

**Defendant's Notice of Removal** and attachments to be served via first class mail by

depositing same in a prepaid sealed wrapper in an official depository of the United States

Postal Service and addressed to the following:

> Michael C. Sferlazza, Esq.
> PLATZER, SWERGOLD, KARLIN, LEVINE,
>   GOLDBERG & JASLOW, LLP
> 1065 Avenue of the Americas
> New York, New York 10018
>
> *Attorneys for Plaintiff Abovenet Communications Inc.*
>   *f/k/a Metromedia Fiber Network Services, Inc.*

Orlee Goldfeld

**Westchester County Clerk**
**Application for INDEX NUMBER pursuant to**
**CPLR §8018**

CLERK'S
INITIALS _____  QC

**FEE: $210.00**

03-15391

**Spaces Below to be Typed or Printed by Applicant**

Supreme

................COURT: WESTCHESTER COUNTY

☐ THIRD PARTY
ACTION

### TITLE OF ACTION OR PROCEEDING

ABOVENET COMMUNICATINS INC. FKA METROMEDIA
FIBER NETWORK SERVICES INC.    V.    REVELATION NETWORKS INCORPROATED DBA
REVELATION NETWORKS

JUL 14 2008

**TO BE COMPLETED BY APPLICANT**

## TYPE OF ACTION- RECORDS RETENTION

☐ **FORECLOSURE**        ☐ **CERTIORARI**
☐ **MATRIMONIAL**        ☒ **CONTRACT**
☐ **GUARDIANSHIP**        ☐ **TORT**
☐ **NAME CHANGE**        ☐ **OTHER**

PLATZER, SWERGOLD,KARLIN,LEVINE GOLDBERG& JASLOW LLP 1065 Ave of AMericas,New YOrk, NY

*Name and Address of Attorney for Plaintiff or Petitioner*

*Name and Address of Attorney for Defendant or Respondent*

PLATZER, SWERGOLD,KARLIN, LEVINE GOLDBRG& JASLOW LLP

*Name of Payor*

DO NOT DETACH

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

File No.: 4635-46

ABOVENET COMMUNICATIONS INC. F/K/A
METROMEDIA FIBER NETWORK SERVICES, INC.,

Index No. O8/15391

*S U M M O N S*

Plaintiff,

-against-

Plaintiff's Address:
360 Hamilton Avenue
White Plains, NY 10601

REVELATION NETWORKS INCORPORATED D/B/A
REVELATION NETWORKS,

Defendant.

Basis of Venue:
County Where Transaction
Took Place

To The Above Named Defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          June 18, 2008

PLATZER, SWERGOLD, KARLIN,
LEVINE, GOLDBERG & JASLOW, LLP

By:  *Michael C. Sferlazza*

MICHAEL C. SFERLAZZA
Attorneys for Plaintiff
1065 Avenue of the Americas
New York, New York 10018
Tel:  (212) 593-3000
Fax: (212) 593-0353

Defendant's Address:
1860 Ashland Trial
Oviedo, Florida 32765

FILED

JUL 1 4 2008

COUNTY OF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

File No.: 4635-46

ABOVENET COMMUNICATIONS INC. F/K/A
METROMEDIA FIBER NETWORK SERVICES, INC.,

                              Plaintiff,

-against-

REVELATION NETWORKS INCORPORATED D/B/A
REVELATION NETWORKS,
                              Defendant.

**VERIFIED COMPLAINT**

FILED

JUL 14 2008

        ABOVENET COMMUNICATIONS INC. F/K/A METROMEDIA FIBER NETWORK

SERVICES, INC., (hereinafter referred to as the "Plaintiff"), by its attorneys Platzer,

Swergold, Karlin, Levine, Goldberg & Jaslow, LLP as and for its summons and

complaint alleges as follows:

## PARTIES

1.      Plaintiff is and at all times hereinafter mentioned was and still is a

corporation organized and existing under and by virtue of the laws of the State Delaware

with its principal place of business located at 360 Hamilton Avenue, White Plains, NY

10601.

2.      Upon information and belief, defendant, REVELATION NETWORKS

INCORPORATED D/B/A REVELATION NETWORKS, (hereinafter referred to as the

"Defendant") was and still is a corporation organized and existing under and by virtue of

the laws of the State of Florida with its principal place of business located at 1860

Ashland Trial, Oviedo, Florida 32765.

## BACKGROUND

3.      On or about July 14, 2007, the Plaintiff and the Defendant (hereinafter the

"Parties") executed a "Master Products and Services Agreement", a Optical Transport

Service Supplement, and a "Leased Fiber Supplement" (collectively the "Agreement") whereby the Defendant agreed to pay for all services including but not limited to internet and computer related services, Order Forms as defined within the Agreement, and any and all services, and goods sold and delivered provided by Plaintiff pursuant to the terms of the Agreement. A copy of the Agreement is annexed hereto and made a part hereof as Exhibit "A".

4.      On or about July 14, 2007, the Defendant executed an "Order Form", numbered "ABV07-044703-00-001-00", requesting that Plaintiff provide internet services and equipment to Defendant for a term of thirty-six (36) months commencing from July 14, 2007-July 13, 2010 for a monthly recurring charge ("First Order Monthly Charges") of the sum of $8,000.00 plus applicable taxes and fees (the "First Order Form"). Additionally, the Defendant was to remit an "Monthly O&M Charge" of $1,000.00 in addition the First Order Monthly Charges. A copy of the First Order Form is annexed hereto and made a part hereof as Exhibit "B".

5.      On or about November 1, 2007, the Defendant executed an "Order Form", numbered "ABV07-044703-01-001-00", requesting that Plaintiff provide internet services and equipment to Defendant for a term of sixty (60) months commencing from November 1, 2007-October 31, 2013 for a monthly recurring charge ("Second Order Monthly Charges") of the sum of $11,928.00 plus applicable taxes and fees (the "Second Order Form")(hereinafter collectively referred to with the First Order Form as the "Order Forms"). Additionally, the Defendant was to remit an "Monthly O&M Charge" of $100.00 in addition the Second Order Monthly Charges. A copy of the Second Order Form is annexed hereto and made a part hereof as Exhibit "C".

6.    The Defendant has failed to remit payment under the Order Forms, which are incorporated by reference into the Agreement. As a result, the Defendant is in default under the Agreement and the Agreement was terminated pursuant to its terms.

7.    In the event of a default under the Agreement by the Defendant, Plaintiff is entitled to terminate the Agreement. In such an event, Plaintiff is entitled to recover from the Defendant "Early Termination Charges" pursuant to the Agreement, in addition to all outstanding amounts due and owing from the Defendant to Plaintiff.

8.    As of the date hereof, the Defendant is indebted to the Plaintiff in the sum of $874,024.85, pursuant to the Agreement, no portion of which has been paid, but due demand has been made therefore.

9.    Plaintiff has fully performed all its obligations required by Plaintiff to be performed under the Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Work, Labor and Services Performed)

10.    Plaintiff repeats each every allegation contained within Paragraphs numbered "1" through "9" as if more fully set forth herein.

11.    The Defendant is duly indebted to Plaintiff for work, labor and services performed by Plaintiff for the Defendant at the Defendant's special instance and request.

12.    Demand has been made on the Defendant to pay same but it has failed and refused to do so.

13.    As a result of the foregoing, Plaintiff has been damaged in the amount of $874,024.85 plus interest from March 31, 2008 which is the amount justly due and owing to the Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

14.     Plaintiff repeats each every allegation contained within Paragraphs numbered "1" through "13" as if more fully set forth herein.

15.     Plaintiff rendered statements of account to the Defendant.

16.     Defendant accepted and retained said statements of account without dispute.

17.     As a result of the foregoing, Plaintiff has stated an account with the Defendant in the total amount of $874,024.85.

18.     Defendant has refused to pay the sum of $874,024.85 despite demand for same, and Plaintiff has been damaged thereby.

19.     As a result of the foregoing, Plaintiff has been damaged in the amount of $874,024.85 with interest thereon from March 31, 2008.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract)

20.     Plaintiff repeats each every allegation contained within Paragraphs numbered "1" through "19" as if more fully set forth herein.

21.     By virtue of the foregoing, the Defendant has breached the Agreement with Plaintiff and Plaintiff has been damaged, thereby, in the amount of $874,024.85, together with interest thereon from March 31, 2008.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

22.     Plaintiff repeats each every allegation contained within Paragraphs numbered "1" through "21" as if more fully set forth herein.

23.     The Defendant has failed to pay the amounts due and owing for work,

labor and services performed by the Plaintiff at the Defendant's special instance and request.

24.     Such work, labor and services have conferred a benefit upon the Defendant for which they have not compensated Plaintiff.

25.     As a direct and proximate result of the Defendant's conduct, Plaintiff has been and will continue to be damaged in the amount of $874,024.85 with interest thereon from March 31, 2008.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Promissory Estoppel)

26.     Plaintiff repeats each every allegation contained within Paragraphs numbered "1" through "25" as if more fully set forth herein.

27.     Defendant promised to remit the agreed upon payments due Plaintiff under the Agreement.

28.     Plaintiff reasonably and foreseeably relied upon those promises.

29.     Accordingly, the Defendant is estopped from denying its indebtedness to Plaintiff in the amount of $874,024.85 with interest thereon from March 31, 2008.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Quantum Meruit)

30.     Plaintiff repeats each every allegation contained within Paragraphs numbered "1" through "29" as if more fully set forth herein.

31.     Plaintiff provided work, labor and services for the Defendant at its special instance and request.

32.     The Defendant knew that such work, labor and services were being provided by Plaintiff and promised to pay the reasonable value thereof.

33.    The Defendant accepted such work, labor and services and enjoyed the revenues which were generated therefrom.

34.    Demand has been made on the Defendant to pay the reasonable value of said work, labor and services in the $874,024.85, but they have failed and refused to do so.

35.    The fair and reasonable value of the services provided to the Defendant by Plaintiff is the sum of $874,024.85.

36.    As a result, Plaintiff is entitled to the sum of $874,024.85 with interest thereon from March 31, 2008.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant: (i) on its First Cause of Action in the sum of $874,024.85 plus interest thereon; (ii) on its Second Cause of Action in the sum of $874,024.85 plus interest thereon; (iii) on its Third Cause of Action in the sum of $874,024.85 plus interest thereon; (iv) on its Fourth Cause of Action in the sum of $874,024.85 plus interest thereon; (v) on its Fifth Cause of Action in the sum of $874,024.85 plus interest thereon (vi) on its Sixth Cause of Action in the sum of $874,024.85 plus interest thereon, all together with the costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 18, 2008

                        PLATZER, SWERGOLD, KARLIN,
                        LEVINE, GOLDBERG & JASLOW, LLP.

                        By: _____
                           MICHAEL C. SFERLAZZA
                           Attorneys for the Plaintiff
                           1065 Avenue of the Americas
                           New York, New York 10018
                           Tel:  (212) 593-3000
                           Fax: (212) 593-0353

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

File No.: 4635-46

ABOVENET COMMUNICATIONS INC. F/K/A
METROMEDIA FIBER NETWORK SERVICES, INC.,

                    Plaintiff,

-against-                                                    **VERIFICATION**

REVELATION NETWORKS INCORPORATED D/B/A
REVELATION NETWORKS,

                    Defendant.

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      **HADLEY E. FELDMAN**, being duly sworn, deposes and says that deponent is

the Vice-President of Legal Affairs of AboveNet Communications Inc. f/k/a Metromedia

Fiber Network Services, Inc., the plaintiff in the within action; that deponent has read the

foregoing verified complaint and knows the contents thereof; that the same is true to

deponent's own knowledge, except as to the matters therein stated to be alleged on

information and belief, and that as to those matters deponent believes them to be true.

                                        _____
                                        **HADLEY E. FELDMAN**

Sworn to before me on
this _19_ day of June, 2008

_____
Notary Public

          YVETTE KITROSSER
    Notary Public, State of New York
            No. 31-5008842
      Qualified in New York County
    Commission Expires Mar. 1, _2011_